UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
LENNOX BAILEY,                                                 :
                                                               :
             Plaintiff,                              :
                                                               :
             v.                                      :    No. 15-CV-3161(FB)(CLP)
                                                               :
AIRPORT TERMINAL SERVICES, INC., and                           :
YOULIANA KOUUMDJIEVA, *Individually*,                          :
                                                               :
             Defendants.                             :
-------------------------------------------------------------- x

## **DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants Airport Terminal Services, Inc. ("ATS") and Youliana Kouumdjieva ("Kouumdjieva") (collectively, "Defendants"), by and through their attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., answer the Complaint ("Complaint") filed by plaintiff Lennox Bailey ("Bailey" or "Plaintiff") as follows:

### **NATURE OF THE CASE**

1.    Defendants deny the allegations in paragraph 1 of the Complaint, except admit that Plaintiff alleges, pursuant to 42 U.S.C. § 1981 and the New York City Human Rights Law, New York City Administrative Code § 8-107, *et seq.*, that he suffered discrimination based on his race and retaliation for complaining about race discrimination. Defendants further deny that Plaintiff is entitled to any relief sought in the Complaint, or to any other relief.

### **JURISDICTION**

2.    Defendants deny the allegations in paragraph 2 of the Complaint, except admit that jurisdiction is proper in this Court.

3.    Defendants deny the allegations in paragraph 3 of the Complaint, except admit that jurisdiction is proper in this Court.

4. Defendants deny the allegations in paragraph 4 of the Complaint, except admit that venue is proper in this District.

## PARTIES

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and therefore leave Plaintiff to his proof.

6. Defendants deny the allegations in paragraph 6 of the Complaint, except admit that ATS is a domestic business corporation, duly incorporated under the laws of the State of Missouri, with its corporate headquarters located at 111 West Port Plaza # 400, St. Louis, MO 63146, that it provides services to the aviation community, and that one of its service offerings is Wingtips Lounge ("Wingtips") located in John F. Kennedy International Airport ("JFK"), Terminal 4, Jamaica, NY 11430.

7. Defendants deny the allegations in paragraph 7 of the Complaint, except admit that Plaintiff worked at Wingtips.

8. Defendants deny the allegations in paragraph 8 of the Complaint, except admit that Kouumdjieva is a resident of the State of New York.

9. Defendants deny the allegations in paragraph 9 of the Complaint, except admit that Kouumdjieva was an employee at ATS, and that she held the position of "Lounge Manager."

10. Defendants deny the allegations in paragraph 10 of the Complaint, except admit that Kouumdjieva was Plaintiff's supervisor and/or held supervisory authority over Plaintiff and had the authority to hire, fire or affect the terms and conditions of his employment.

11. Defendants admit the allegations in paragraph 11 of the Complaint.

12. Defendants admit the allegations in paragraph 12 of the Complaint.

13. The allegations in paragraph 13 of the Complaint state a legal conclusion and/or introductory material to which no response is required. To the extent that a response to paragraph 13 of the Complaint is deemed necessary, Defendants deny the allegations in paragraph 13 of the Complaint, except admit that Plaintiff's Complaint refers jointly to Kouumdjieva and ATS as "Defendants."

## STATEMENT OF MATERIAL FACTS

14. Defendants admit the allegations in paragraph 14 of the Complaint.

15. Defendants deny the allegations in paragraph 15 of the Complaint.

16. Defendants deny the allegations in paragraph 16 of the Complaint, except admit that Plaintiff asked Kouumdjieva for a salary of $13.00 per hour.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint, except admit that ATS's handbook and Wingtips' training manual contain ATS's policy regarding employee uniforms, and that such documents speak for themselves.

24. Defendants deny the allegations in paragraph 24 of the Complaint, except admit that that Kouumdjieva did not reprimand Pavel Olofinsky ("Olofinsky") for his work attire, that ATS's handbook and Wingtips' training manual contain ATS's policy regarding employee uniforms, and that such documents speak for themselves.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint, except admit that, on or about October 16, 2014, Kouumdjieva issued a written warning notice to Plaintiff, and that such document speaks for itself.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint, except admit that, in or around November 2014, Kouumdjieva promoted David Flax ("Flax") to the position of Lounge Supervisor.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint, except admit that, in or around December 2014, Bailey asked Kouumdjieva to work more hours.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint, except admit that Plaintiff provided a doctor's note to Defendants, and that such document speaks for itself.

38. Defendants deny the allegations in paragraph 38 of the Complaint, except admit that Plaintiff did not go to work on January 16, 2015, that Plaintiff faxed a doctor's note to JFK's general fax machine on or about January 15, 2015, that such document speaks for itself, that

ATS's handbook and Wingtips' training manual contain ATS's policy regarding employee attendance, and that such documents speak for themselves.

39. Defendants deny the allegations in paragraph 39 of the Complaint, except admit that, on or about January 21, 2015, Kouumdjieva issued a written warning notice to Plaintiff, and that such document speaks for itself.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint, except admit that, on or about January 26, 2015, there was a snow storm, and that Kouumdjieva spoke to Plaintiff by telephone.

42. Defendants deny the allegations in paragraph 42 of the Complaint, except admit that, on January 27, 2015, Plaintiff did not go to work.

43. Defendants deny the allegations in paragraph 43 of the Complaint, except admit that, on or about January 28, 2015, Kouumdjieva issued a written warning notice to Plaintiff, that such document speaks for itself, that ATS's handbook and Wingtips' training manual contain ATS's policy regarding employee discipline, and that such documents speak for themselves.

44. Defendants deny the allegations in paragraph 44 of the Complaint, except admit that Wingtips was closed on January 26, 2015, that at least one other employee notified Defendants that he could not go to work on January 27, 2015 and therefore did not receive discipline, that Vaneta Sugrim ("Sugrim") attended the meeting between Kouumdjieva and Plaintiff on January 27, 2015, and that Sugrim is non-Caucasian.

45. Defendants deny the allegations in paragraph 45 of the Complaint, except admit that Plaintiff refused to sign the written warning notice given to him on January 27, 2015.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint, except admit that Kouumdjieva was notified by email about an intoxicated passenger in Wingtips, that Kouumdjieva responded by email, and that such documents speak for themselves.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint, except admit that, on or about March 6, 2015, Plaintiff asked Kouumdjieva regarding work more hours, and that Randall Unger left ATS on or about March 18, 2015.

51. Defendants deny the allegations in paragraph 51 of the Complaint, except admit that, on or about March 7, 2015, Plaintiff wrote an email to Ingrid Braueninger and copied Kouumdjieva, and that such document speaks for itself.

52. Defendants deny the allegations in paragraph 52 of the Complaint, except admit that, on or about March 21, 2015, Kouumdjieva emailed Plaintiff, and that such document speaks for itself.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint, except admit that, on or about March 28, 2015, Plaintiff and Kouumdjieva emailed each other, and that such documents speak for themselves.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59.     Defendants deny the allegations in paragraph 59 of the Complaint, except admit that, on or about April 13, 2015, Kouumdjieva promoted Olofinsky to "Lounge Lead Agent."

60.     Defendants deny the allegations in paragraph 60 of the Complaint, except admit that, on or about April 15, 2015 Kouumdjieva and Flax presented Plaintiff with a written warning notice, that such document speaks for itself, and that Plaintiff refused to sign the document.

61.     Defendants deny the allegations in paragraph 60 of the Complaint.

62.     Defendants deny the allegations in paragraph 62 of the Complaint.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

64.     Defendants deny the allegations in paragraph 64 of the Complaint, except admit that Plaintiff aggressively yelled at Kouumdjieva and Flax in front of the Wingtips front desk.

65.     Defendants deny the allegations in paragraph 65 of the Complaint, except admit that Kouumdjieva asked Plaintiff's co-workers to call JFK police.

66.     Defendants deny the allegations in paragraph 66 of the Complaint, except admit that JFK police officers approached and asked Plaintiff to step outside of Wingtips, and that one of the JFK police officers informed Plaintiff that Kouumdjieva was suspending him for safety reasons.

67.     Defendants deny the allegations in paragraph 67 of the Complaint.

68.     Defendants deny the allegations in paragraph 68 of the Complaint.

69.     Defendants deny the allegations in paragraph 69 of the Complaint, except admit that, on or about April 16, 2015, Monique Martin ("Martin") emailed Jeff Luetkenhaus ("Luetkenhaus"), ATS's Manager of Employee Relations, and that such document speaks for itself.

70. Defendants deny the allegations in paragraph 70 of the Complaint, except admit that, on or about April 16, 2015, Martin emailed Luetkenhaus, and that such document speaks for itself.

71. Defendants deny the allegations in paragraph 71 of the Complaint, except admit that, on or about April 16, 2015, Martin emailed Luetkenhaus, and that such document speaks for itself.

72. Defendants deny the allegations in paragraph 72 of the Complaint, except admit that, on or about April 17, 2015, Plaintiff emailed Luetkenhaus, and that such document speaks for itself.

73. Defendants deny the allegations in paragraph 73 of the Complaint, except admit that, on or about April 17, 2015, Sugrim emailed Luetkenhaus, and that such document speaks for itself.

74. Defendants deny the allegations in paragraph 73 of the Complaint, except admit that, on or about April 17, 2015, Sugrim emailed Luetkenhaus, and that such document speaks for itself.

75. Defendants deny the allegations in paragraph 75 of the Complaint, except admit that Plaintiff's employment with ATS was terminated effective April 20, 2015.

76. Defendants deny the allegations in paragraph 76 of the Complaint.

77. Defendants deny the allegations in paragraph 77 of the Complaint.

78. Defendants deny the allegations in paragraph 78 of the Complaint.

79. Defendants deny the allegations in paragraph 79 of the Complaint.

80. Defendants deny the allegations in paragraph 80 of the Complaint.

81. Defendants deny the allegations in paragraph 81 of the Complaint.

82. Defendants deny the allegations in paragraph 82 of the Complaint.

83. Defendants deny the allegations in paragraph 83 of the Complaint, except admit that Plaintiff demands punitive damages as against all Defendants, jointly and severally. Defendants further deny that Plaintiff is entitled to any relief sought in the Complaint, or to any other relief.

**AS A FIRST CAUSE OF ACTION
FOR DISCRIMINATION UNDER 42 U.S.C. § 1981
(Not Against Individual Defendant)**

84. With respect to paragraph 84 of the Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 84 of the Complaint as if fully set forth in this paragraph.

85. The allegations in paragraph 85 of the Complaint state a legal conclusion to which no response is required. To the extent that a response to paragraph 85 of the Complaint is deemed necessary, Defendants refer to 42 U.S.C. § 1981 for the true meaning and content thereof.

86. Defendants deny the allegations in paragraph 86 of the Complaint.

**AS A SECOND CAUSE OF ACTION
FOR RETALIATION UNDER 42 U.S.C. § 1981
(Not Against Individual Defendant)**

87. With respect to paragraph 87 of the Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 87 of the Complaint as if fully set forth in this paragraph.

88. Defendants deny the allegations in paragraph 88 of the Complaint.

89. Defendants deny the allegations in paragraph 89 of the Complaint.

90. Defendants deny the allegations in paragraph 90 of the Complaint.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

91. With respect to paragraph 91 of the Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 91 of the Complaint as if fully set forth in this paragraph.

92. The allegations in paragraph 92 of the Complaint state a legal conclusion to which no response is required. To the extent that a response to paragraph 92 of the Complaint is deemed necessary, Defendants refer to N.Y.C. Administrative Code § 8-107(1)(a) for the true meaning and content thereof.

93. Defendants deny the allegations in paragraph 93 of the Complaint.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

94. With respect to paragraph 94 of the Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 94 of the Complaint as if fully set forth in this paragraph.

95. The allegations in paragraph 95 of the Complaint state a legal conclusion to which no response is required. To the extent that a response to paragraph 95 of the Complaint is deemed necessary, Defendants refer to N.Y.C. Administrative Code § 8-107(7) for the true meaning and content thereof.

96. Defendants deny the allegations in paragraph 94 of the Complaint.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (As Against Individual Defendant Only)

97. With respect to paragraph 97 of the Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 97 of the Complaint as if fully set forth in this paragraph.

98. The allegations in paragraph 98 of the Complaint state a legal conclusion to which no response is required. To the extent that a response to paragraph 98 of the Complaint is

deemed necessary, Defendants refer to N.Y.C. Administrative Code § 8-107(6) for the true meaning and content thereof.

99.     Defendants deny the allegations in paragraph 99 of the Complaint.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (Not Against Individual Defendant)

100.    With respect to paragraph 100 of the Complaint, Defendants hereby incorporate their answers to paragraphs 1 through 100 of the Complaint as if fully set forth in this paragraph.

101.    The allegations in paragraph 101 of the Complaint state a legal conclusion to which no response is required.  To the extent that a response to paragraph 101 of the Complaint is deemed necessary, Defendants refer to N.Y.C. Administrative Code § 8-107(13) for the true meaning and content thereof.

102.    Defendants deny the allegations in paragraph 102 of the Complaint.

### PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief requested in the "WHEREFORE" clause on pages 17 and 18 of the Complaint, including paragraphs A through F, or to any other relief.

### GENERAL DENIAL

Defendants deny each and every allegation in the Complaint not specifically admitted in this Answer.

### JURY DEMAND

Defendants admit that the Complaint contains a jury demand.

## AFFIRMATIVE AND OTHER DEFENSES

At this time, Defendants assert the following affirmative and other defenses to the Complaint:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Subject to proof through discovery, Plaintiff has failed in whole or in part to mitigate his purported damages.

### THIRD DEFENSE

In the event that Plaintiff can demonstrate that his race or alleged protected activity was a motivating factor in any alleged employment decision that he challenges, which is expressly denied, he is not entitled to money damages or other relief because Defendants would have taken the same action in the absence of any such impermissible factor.

### FOURTH DEFENSE

To the extent applicable, Defendants are not liable to Plaintiff for any alleged discrimination or retaliation, which is denied, because they exercised reasonable care to prevent such behavior and Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendants and otherwise failed to avoid harm.

### FIFTH DEFENSE

Any employment decisions with respect to Plaintiff were based on reasonable factors other than his race or alleged protected activity.

### SIXTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

### SEVENTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### EIGHTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence.

### NINTH DEFENSE

Defendants acted in good faith and without malice, willfulness, or evil intent.

### TENTH DEFENSE

Plaintiff cannot show that he was treated less well than other employees because of his race or alleged protected activity.

### ELEVENTH DEFENSE

To the extent applicable, all relevant factors should be considered in accordance with Administrative Code of New York City § 8-126(b).

### TWELTH DEFENSE

To the extent that Plaintiff has suffered any damages or injuries, which Defendants deny, such damages or injuries were not caused by Defendants' actions or conduct.

**THIRTEENTH DEFENSE**

To the extent that any of ATS's employees engaged in any of the conduct described in the Complaint, such actions were outside of the scope of his/her employment, were contrary to the policies and directives of ATS, and not done in furtherance of ATS's business interests.

**FOURTEENTH DEFENSE**

Plaintiff's own conduct caused, in whole or in part, whatever damages he purports to have suffered.

**RESERVATION OF RIGHTS**

Defendants reserve their rights to assert additional defenses as may arise during the course of this litigation.

**WHEREFORE**, Defendants request that the Court enter judgment dismissing the Complaint with prejudice; granting to Defendants their costs and attorneys' fees; and granting to Defendants such other relief as the Court may deem just and proper.

Dated: New York, New York
July 31, 2015

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By /s Aaron Warshaw
Aaron Warshaw
1745 Broadway, 22nd Floor
New York, New York 10019
(212) 492-2500
aaron.warshaw@ogletree.deakins.com

Attorneys for Defendant
*Airport Terminal Services, Inc.,*
*and Youliana Kouumdjieva*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that, on July 31, 2015, the foregoing Defendants' Answer and Defenses to Plaintiff's Complaint was electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel of record for the plaintiff.

                                                    s/ Aaron Warshaw
                                                      Aaron Warshaw